UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| AVIS V. DRUMMOND, | ) Case No. 2:13-cv-01247-GMN-CWH |
| Plaintiff, | ) |
| | ) **FINDINGS AND RECOMMENDATION** |
| vs. | ) |
| | ) |
| CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

This case involves judicial review of administrative action by the Commissioner of Social Security ("Commissioner") denying Plaintiff Avis V. Drummond's application for a period of disability and disability insurance benefits pursuant to Title II of the Social Security Act. 42 U.S.C. Ch. 7. Before the Court is Plaintiff's Motion for Reversal/Remand (#13)[1], filed on February 6, 2014, and the Commissioner's Opposition (##15-16), filed on March 6, 2014. This action was referred to the undersigned Magistrate Judge for a report of findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(B)-(C)) and Local Rule IB 1-4.

**BACKGROUND**

**I.  Procedural History**

On October 24, 2009, Plaintiff protectively filed an application for a period of disability and disability insurance benefits alleging she became disabled on April 11, 2002. (A.R. 58-64.)[2] Her claim was denied initially on January 15, 2010 and upon reconsideration on April 23, 2010. (A.R. 30-31, 47-49, 52-55.) On September 29, 2011, Plaintiff appeared for a hearing before Administrative Law Judge ("ALJ") Norman L. Bennett. (A.R. 23-42.) On August 18, 2011, the ALJ issued an

---

[1] Refers to the Court's docket number.

[2] A.R. refers to the Administrative Record in this matter. (Notice of Manual Filing #10.)

unfavorable decision finding the Plaintiff has not been under a disability, as defined in the Social Security Act, from April 11, 2002 through the date last insured, September 30, 2008. (A.R. 19-29.) The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review on May 16, 2013. (A.R. 4-7) On July 15, 2013, Plaintiff timely commenced this action for judicial review pursuant to 42 U.S.C. § 405(g). (Motion/Application for Leave to Proceed *in forma pauperis* #1.)

## II. The ALJ Decision

The ALJ followed the five-step sequential evaluation process set forth at 20 C.F.R. § 404.1520 and issued an unfavorable decision on August 18, 2011. (A.R. 19-29.) At step one, the ALJ found that Plaintiff met the insured status requirements of the Social Security Act through September 30, 2008 and has not engaged in substantial gainful activity ("SGA") from April 11, 2002, the alleged onset date, through the date last insured ("DLI"). (A.R. 24.) At step two, the ALJ found that Plaintiff has the following severe impairments: right knee osteoarthritis, cervical strain, fibromyalgia with fatigue, and depressive disorder; the ALJ also found non-severe impairments of post-concussion syndrome with headaches, ringing in the ears, and temporormandibular joint disorder. (A.R. 24.) At step three, the ALJ found that, through the DLI, Plaintiff did not have an impairment or combination of impairments that meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (A.R. 28.) In doing so, the ALJ found Plaintiff to have mild limitation in activities of daily living, moderate limitation in social functioning, moderate limitation in concentration, persistence, and pace, and no episodes of decompensation of extended duration. (A.R. 24.)

The ALJ found Plaintiff capable of performing a residual functional capacity ("RFC") for a reduced range of sedentary work including: lift and carry ten pounds occasionally and five pounds frequently, sit for six hours, stand or walk for two hours, occasional contact with supervisors, co-workers, and the general public, and simple tasks with simple instructions. (A.R. 25.) The ALJ found Plaintiff's statements concerning the intensity, persistence and limiting effects of these symptoms not fully credible. (A.R. 26.) At step four, the ALJ found Plaintiff not capable of performing her past relevant work ("PRW"). (A.R. 27.) The ALJ denied Plaintiff's application at

step five in which he found that jobs exist in significant numbers in the national economy that Plaintiff can perform based on her age, education, work experience, and residual functional capacity. (A.R. 27.) In doing so, the ALJ considered Medical-Vocational Rules 201.28 and 201.21, which provide a framework for a finding of not disabled. (A.R. 28.) He also considered testimony from a vocational expert Eric Davis who listed jobs such as bookkeeping clerk, bill sorter, and hand packager as examples of jobs that Plaintiff could perform. *Id.* Based on all of these findings, the ALJ found Plaintiff not disabled and denied her application for a period of disability and disability insurance benefits.

## DISCUSSION

### I. Judicial Standard of Review

The court reviews administrative decisions in social security disability benefits cases under 42 U.S.C. § 405(g). *See Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). Section 405(g) states, "Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . brought in the district court of the United States for the judicial district in which the plaintiff resides." The court may enter, "upon the pleadings and transcripts of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.* The Ninth Circuit reviews a decision of a District Court affirming, modifying or reversing a decision of the Commissioner *de novo*. *Batson v. Commissioner*, 359 F.3d 1190, 1193 (9th Cir. 2003).

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g); see also *Ukolov v. Barnhart*, 420 F.3d 1002 (9th Cir. 2005). However, the Commissioner's findings may be set aside if they are based on legal error or not supported by substantial evidence. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006); *see also Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). The Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n. 1 (9th Cir. 2005). In

determining whether the Commissioner's findings are supported by substantial evidence, the court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *see also Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996).

Under the substantial evidence test, the Commissioner's findings must be upheld if supported by inferences reasonably drawn from the record. *Batson*, 359 F.3d at 1193. When the evidence will support more than one rational interpretation, the court must defer to the Commissioner's interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *see also Flaten v. Sec'y of Health and Human Serv.,* 44 F.3d 1453, 1457 (9th Cir. 1995). Consequently, the issue before the court is not whether the Commissioner could reasonably have reached a different conclusion, but whether the final decision is supported by substantial evidence.

It is incumbent on the ALJ to make specific findings so that the court does not speculate as to the basis of the findings when determining if the Commissioner's decision is supported by substantial evidence. Mere cursory findings of fact without explicit statements as to what portions of the evidence were accepted or rejected are not sufficient. *Lewin v. Schweiker*, 654 F.2d 631, 634 (9th Cir. 1981). The ALJ's findings "should be as comprehensive and analytical as feasible, and where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based." *Id.*

**II.      Disability Evaluation Process**

The individual seeking disability benefits has the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir 1995), *cert. denied*, 517 U.S. 1122 (1996). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). More specifically, the individual must provide "specific medical evidence" in support of her claim for disability. 20 C.F.R. § 404.1514. If the individual establishes an inability to perform her prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Batson*, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. *See* 20 C.F.R. § 404.1520; *see also Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). If at any step the ALJ determines that he can make a finding of disability or nondisability, a determination will be made and no further evaluation is required. *See* 20 C.F.R. § 404.1520(a)(4); *see also Barnhart v. Thomas*, 540 U.S. 20, 24 (2003). The first step requires the ALJ to determine whether the individual is currently engaging in SGA. 20 C.F.R. § 404.1520(b). SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities usually for pay or profit. 20 C.F.R. § 404.1572(a)-(b). If the individual is currently engaging in SGA, then a finding of not disabled is made. If the individual is not engaging in SGA, then the analysis proceeds to the second step.

The second step addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits him from performing basic work activities. 20 C.F.R. § 404.1520(c). An impairment or combination of impairments is not severe when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to work. 20 C.F.R. § 404.1521; *see also* Social Security Rulings ("SSRs") 85-28, 96-3p, and 96-4p.[3] If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to the third step.

The third step requires the ALJ to determine whether the individual's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526. If the individual's impairment or combination of impairments meet or equal the criteria of a listing and meet the duration requirement (20 C.F.R. § 404.1509), then a finding of disabled is made. 20 C.F.R. § 404.1520(h). If the individual's impairment or combination of impairments does not meet or equal

---

[3] SSRs constitute SSA's official interpretations of the statute it administers and its regulations. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1224 (9th Cir. 2009); *see also* 20 C.F.R. § 402.35(b)(1). They are entitled to some deference as long as they are consistent with the Social Security Act and regulations. *Bray*, 554 F.3d at 1223 (finding ALJ erred in disregarding SSR 82-41).

the criteria of a listing or meet the duration requirement, then the analysis proceeds to the next step.

Before considering step four of the sequential evaluation process, the ALJ must first determine the individual's RFC. 20 C.F.R. § 404.1520(e). The RFC is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. *See* SSR 96-8p. In making this finding, the ALJ must consider all the relevant evidence such as, all symptoms and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. § 404.1529; *see also* SSRs 96-4p and 96-7p. To the extent that statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must make a finding on the credibility of the individual's statements based on a consideration of the entire case record. The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. § 404.1527 and SSRs 96-2p, 96-5p, 96-6p, and 06-3p.

The fourth step requires the ALJ to determine whether the individual has the RFC to perform her PRW. 20 C.F.R. § 404.1520(f). PRW means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last 15 years or 15 years prior to the date that disability must be established. In addition, the work must have lasted long enough for the individual to learn the job and performed at SGA. 20 C.F.R. § 404.1560(b) and 404.1565. If the individual has the RFC to perform her past work, then a finding of not disabled is made. If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to the fifth and last step.

The fifth and final step requires the ALJ to determine whether the individual is able to do any other work considering her RFC, age, education, and work experience. 20 C.F.R. § 404.1520(g). If she is able to do other work, then a finding of not disabled is made. Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner. The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do. *Yuckert*, 482 U.S. at 141-42.

### III. Analysis and Findings

Plaintiff seeks reversal of the ALJ's decision because the step five finding is not supported by substantial evidence. She contends that the three jobs cited by the vocational expert require skills that exceed her RFC, which limits her to a sedentary exertional level with nonexertional limitations including simple tasks with simple instructions. Plaintiff notes that the bookkeeping clerk job has a specific vocational preparation ("SVP") level of four and bill sorter job has a SVP of three. Also, Plaintiff alleges that the hand packager job is classified as light work. Further, Plaintiff argues that the ALJ failed to inquire as to an explanation for the conflict between the vocational expert's testimony and the Dictionary of Occupational Titles ("DOT"). *See Massachi v. Astrue*, 486 F.3d 1149, 1152-54 (9th Cir. 2007).

In response, the Commissioner contends that any error at step five was harmless because the Medical-Vocational Rules provide a framework for finding Plaintiff not disabled. Further, the Commissioner highlights the fact that the non-exertional limitations do not significantly erode the occupational base for the full range of unskilled, sedentary work. Also, the Commissioner claims that the RFC limitation to simple tasks accomplished through simple instructions are equivalent to unskilled work.

At step five, the burden of shifts to the Commissioner to establish that an individual can perform other work existing in the national economy. The Commissioner can satisfy this burden either by relying on the testimony of a vocational expert or by applying the Medical-Vocational Rules. *See Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999). However, an ALJ's reliance on the Rules alone is insufficient to constitute substantial evidence unless the applicable Rule "accurately and completely describe a claimant's impairments." *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001); *see also Hoopai v. Astrue*, 499 F.3d 1071 (9th Cir. 2007) (finding a vocational expert must be consulted when the non-exertional limitations are at a sufficient level of severity that the Medical-Vocational Rules are inapplicable). Here, the Court finds that, despite the Commissioner's claim to the contrary, the ALJ could not rely on Rules 201.28 and 201.21 alone to direct a finding of not disabled at step five. The ALJ assigned two non-exertional mental limitations that result in Plaintiff being unable to perform the full range of sedentary work and therefore, the Rules would only

provide a framework for finding Plaintiff not disabled.  Further, the Commissioner produced no evidence, and the Court's review of the record revealed no evidence, that concludes that these two limitations do not erode the sedentary, unskilled occupational base.  Although the ALJ defined the limitation to simple tasks with simple instructions as unskilled work, he relied on the vocational expert to identify jobs that could be performed with the occasional social interaction limitation.  It is not clear from the vocational expert's testimony how much the social interaction limitation eroded the sedentary, unskilled occupational base.  Therefore, the Court cannot find that only relying on Rules 201.28 and 201.21 as a framework for finding Plaintiff not disabled constitutes substantial evidence for the step five conclusion of not disabled.

Furthermore, the Ninth Circuit has found that the DOT is the rebuttable presumptive authority on job classifications.  *Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir. 1995).  As such, ALJs routinely rely on the DOT "in evaluating whether the claimant is able to perform other work in the national economy."  *Terry v. Sullivan*, 903 F.2d 1273, 1276 (9th Cir.1990) (citations omitted); *see also* 20 C.F.R. § 404.1566(d)(1) (DOT is source of reliable job information).  Accordingly, an ALJ may not rely on a vocational expert's testimony regarding the requirements of a particular job without first inquiring whether the testimony conflicts with the DOT, and if so, the reasons therefore.  *Massachi*, 486 F.3d at 1152–53.  Failure to inquire is a harmless error when there is no apparent conflict or the vocational expert provides sufficient support to justify deviation from the DOT.  *Id.* at 1154 n. 19.  Evidence sufficient to permit such a deviation may be either specific findings of fact regarding the claimant's residual functionality or inferences drawn from the context of the vocational expert's testimony.  *See Light v. Soc. Sec. Admin.*, 119 F.3d 789, 793 (9th Cir. 1997) (as amended) (citations omitted).

Here, the Court finds that the ALJ erred in not inquiring as to whether the vocational expert's testimony conflicts with the DOT.  The ALJ should have asked the vocational expert if his testimony conflicts with the DOT in light of the requirements of SSR 00-4p.  For instance, the ALJ should have requested explanation as to how the RFC limitations to occasional contact with supervisors, co-workers, and the general public, and simple tasks with simple instructions comply with the DOT descriptions of the bookkeeping clerk and bill sorter jobs.  Further, the ALJ should have clarified why

the vocational expert cited the hand packager job at the sedentary rather than the light exertional level as specified in the DOT.

Moreover, the Court finds the ALJ's error in not requesting an explanation for the conflict is not "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir.2012). The ALJ specifically asked the vocational expert a hypothetical including both non-exertional, mental limitations of social interactions and simple tasks. The vocational expert's testimony acknowledges that he understood both limitations by commenting on the interaction required to perform the general office clerk and bill sorter jobs along with noting the number of unskilled jobs available for bookkeeping clerks and hand packagers. Further, the vocational expert classified the bookkeeping clerk and bill sorter as unskilled jobs. However, he did not acknowledge, and the ALJ did not inquire, into a conflict with the DOT's SVP rating of four for bookkeeping clerk and three for bill sorter. SVP two correlates with the definition of unskilled work that takes a short demonstration to 1 month to learn how to do. Further, the description for the reasoning required by the bill sorter job is carry out detailed but uninvolved written or oral instructions while the bookkeeping clerk job indicates that it involves interpreting a variety of instructions. The vocational expert may have been able to clarify that he reduced the number of jobs available for each of these two positions based on the non-exertional, mental limitations included in Plaintiff's RFC. Further, the ALJ could have referenced Plaintiff's past relevant work and education level as reasons for the deviation. However, without such explanation in the record, the Court would be engaging in impermissible speculation as to whether the vocational expert's opinion has a permissible basis to deviate from the DOT. *See Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) (noting the Court cannot review reasons that are not cited by the ALJ). As a result, there is an actual conflict that was not sufficiently explained by the vocational expert's testimony to justify the ALJ's reliance on the bookkeeping clerk and bill sorter jobs.

Similarly, the vocational expert's classification of the hand packager job as sedentary actually conflicts with the DOT's classification as light. Even if the Court were to find the error harmless as to the hand packager job, step five would lack substantial evidence due to the previously discussed defect in the bookkeeping clerk and bill sorter jobs. The Court is bound to review the reasons cited by the ALJ. As a result, the ALJ's failure to an explanation for the deviation in citing the hand packer

9

job as a sedentary job warrants correction upon remand.

Ultimately, the Court finds that the ALJ did not commit a harmless error in failing to ask the vocational expert if his testimony conflicts with the DOT. The Ninth Circuit has found that such an error is harmless where the alleged conflict is not material and there is no meaningful departure from the DOT as presented by the vocational expert. *See Hill v. Astrue*, 365 Fed.Appx. 808 *810 (9th Cir. Feb. 16, 2010); *see also Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2005). Here, the Court finds a material conflict between the DOT description of the SVP level of the bookkeeping clerk and bill sorter jobs and exertional level of the hand packager job. Further, the Court finds the ALJ did not solicit, and the vocational expert did not provide, a sufficient explanation to infer that the conflict is not material. Moreover, the ALJ did not find that Medical-Vocational Rules 201.28 and 201.21 are sufficient, alone, to provide a conclusion of not disabled given the social interaction limitation. As a result, the Court finds that the step five defect, in failing to make a conflicts inquiry, is not a harmless error and the ultimate conclusion of not disabled at step five is not supported by substantial evidence. The Court will recommend that this action be remanded for further consideration of step five.

### IV.     Conclusion

Judicial review of the Commissioner's decision to deny disability benefits is limited to determining whether the decision is free from legal error and supported by substantial evidence. It is the ALJ's responsibility to make findings of fact, draw reasonable inferences from the record, and resolve conflicts in the evidence including differences of opinion. Having reviewed the Administrative Record as a whole and weighed the evidence that supports and detracts from the conclusion, the Court finds that the ALJ's decision is not supported by substantial evidence under 42 U.S.C. § 405(g) and does not articulate sufficient rationale to satisfy the requisite legal standards at step five.

Based on the foregoing and good cause appearing therefore,

### RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Plaintiff's Motion for Reversal/Remand (#13) be **granted subject to the modification that it be remanded for correction of the step five defect**.

**IT IS FURTHER RECOMMENDED** that Defendant's Cross-Motion to Affirm (##15 - 16)

be **denied**.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.,* 708 F.2d 452, 454 (9th Cir. 1983).

Dated this 14th day of August, 2014.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**