UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| AVIS V. DRUMMOND, | |
| Plaintiff, | Case No. 2:13-cv-01247-GMN-CWH |
| vs. | **REPORT & RECOMMENDATION** |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

Presently before the Court is Plaintiff's counsel's motion for attorney's fees (ECF No. 23), filed on February 27, 2016. Defendant, Acting Commissioner of Social Security Carolyn W. Colvin (Commissioner) filed a response (ECF No. 24) on March 7, 2016.

**I.  BACKGROUND**

After receiving a final denial of an application for disability benefits under the Social Security Act, Plaintiff filed this action seeking judicial review under 42 U.S.C. § 405(g). (ECF No. 5). Plaintiff then moved for remand to the Social Security Administration, which was contested by Commissioner. (Mot. to Remand (ECF No. 13); Def.'s Cross-Mot. to Affirm & Opp'n to Pl.'s Mot. to Remand (ECF Nos. 15, 16)). The Court remanded the action for further administrative proceedings. (Order (ECF No. 18)). On remand, the Social Security Administration found Plaintiff disabled as of June 1, 2008, and awarded her $69,680 in past-due disability benefits. Plaintiff subsequently moved for attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), which the Court granted in the amount of $3,400 (Mot. for Att'y Fees (ECF No. 19); Order (ECF No. 21)). This amount was paid by Commissioner directly to counsel, not deducted from Plaintiff's past-due benefits. *Id.*

Counsel now moves for attorney's fees under 42 U.S.C. § 406(b), which allows courts to deduct an attorney's fee from a past-due benefits award owed to a claimant in an action against the Commissioner of Social Security. Counsel requests $17,420.00, based on a contingent-fee agreement with Plaintiff providing that Counsel would receive 25% of any past-due benefits awarded upon reversal of any unfavorable decision. (Mot. for Att'y Fees (ECF No. 23 Ex. 1)). In

support of this request, counsel provides records indicating that 19.8 hours of attorney time, and 2.3 hours of paralegal time, were expended working on this matter. (*Id.* at Ex. 4). Commissioner does not take a position on the reasonableness of the fee request. (Resp. (ECF No. 24)). Plaintiff was served with notice of this motion and did not object. (Mot. (ECF No. 23)).

## II.     ANALYSIS

Title II of the Social Security Act governs attorney's fees for representation of disability claimants in federal courts, and provides that a court may award an attorney, as part of a judgment favorable to a claimant, a reasonable attorney fee "not in excess of 25 percent of the total past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b)(1)(A). The attorney's fees are payable from funds withheld from a claimant's past-due disability benefits by the Social Security Administration. *Id*. The Court may award attorney's fees under both the EAJA and § 406(b), but the claimant's attorney must refund the amount of the smaller fee to the claimant. *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009).

In determining whether fees payable under § 406(b) are reasonable in a particular case, the Court must "respect the 'primacy of lawful attorney-client fee agreements.'" *Crawford*, 586 F.3d at 1150 (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 793 (2002)). The analysis "must begin, under *Gisbrecht*, with the fee agreement, and the question is whether the amount need be reduced, not whether the [lodestar] amount should be enhanced." *Id.* at 1149. The lodestar analysis, under which the number of hours reasonably devoted to each case is multiplied by a reasonable hourly fee, may serve only as an aid, not as a baseline, to assess the reasonableness of a fee. *Laboy v. Colvin*, 631 Fed. Appx. 468, 469 (9th Cir. 2016). Additionally, the Court may consider that attorneys in these matters working on a contingency basis run the risk that their work will result in no compensation, or that there may be long, unavoidable delays before any resolution. *Crawford*, 586 F.3d at 1152. Thus, "[l]odestar fees will generally be much less than contingent fees." *Id*. at 1150.

A district court may reduce a fee resulting from a contingency-fee agreement "if the attorney provided substandard representation or engaged in dilatory conduct in order to increase the accrued amount of past-due benefits, or if the benefits are large in comparison to the amount of

time counsel spent on the case." *Id.* at 1148 (quotation marks omitted).  The attorney requesting fees "bears the burden of establishing that the fee sought is reasonable." *Id.*

Here, counsel asks the Court to approve a contingency fee of $17,420, which is 25% of the $69,680 past-due benefits awarded to Plaintiff.  No evidence suggests that counsel provided anything but effective representation or that he engaged in dilatory conduct.  The time spent working on this case, as documented by counsel, appears to be proportionate to the time required for this type of case.  Therefore, the only remaining question before the Court is whether the benefits are unreasonably large in comparison to the amount of time counsel spent on the case.  Based on a total of 19.8 attorney hours worked, counsel's requested fee equates to $871 per hour.  Including hours worked by paralegals, the effective rate would be $788.

In *Crawford*, the Ninth Circuit approved claims for attorney's fees with effective hourly rates of $902 ($24,000 for 25.5 hours of attorney time and 1.1 hours of paralegal time), *Id*. at 1146, $875 ($21,000 for 19.5 hours of attorney time and 4.5 hours of paralegal time), *Id*. at 1145, and $519 ($11,500 for 17.45 hours of attorney time and 4.7 hours of paralegal time).  *Id.*  More recently, this Court, taking note of the risk inherent to social security benefit cases, has applied a $900 effective rate.  *Shuffield v. Colvin*, No. 2:12-CV-00243-KJD, 2014 WL 2041935, at *2 (D. Nev. May 15, 2014).  Giving primacy to the lawful attorney-client fee agreement as directed by *Gisbrecht*, and taking into consideration the risk involved in taking on social-security benefit cases on a contingent-fee basis, this Court finds that a fee of $871 is reasonable given the circumstances of this case.

//
//
//
//
//
//
//
//

3

### III. CONCLUSION AND RECOMMENDATION

IT IS THEREFORE RECOMMENDED that Plaintiff's counsel's motion for attorney's fees (ECF No. 23) be GRANTED.

IT IS FURTHER RECOMMENDED that Plaintiff's attorney Marc V. Kalagian must refund $3,400, the amount of EAJA attorney's fees previously paid to him by Commissioner, to Plaintiff Avis V. Drummond.

### IV. NOTICE

This Report and Recommendation is submitted to the United States District Judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this Report and Recommendation may file a written objection supported by points and authorities within fourteen days of being served with this Report and Recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the District Court's Order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: July 15, 2016

**C.W. Hoffman, Jr.**
**United States Magistrate Judge**